## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DR. EDWIN L. FUENTES | ) | |
| | ) | |
| Reg. No. 21905-084 | ) | |
| FCI Beckley | ) | |
| Federal Correctional Institution | ) | Civil Action No. 19-CV-1965 |
| P.O. Box. 350 | ) | |
| Beaver, WV 25813 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALEX MICHAEL AZAR II, | ) | |
| *in his official capacity as Secretary*, | ) | |
| U.S. Department of | ) | |
| Health and Human Services, | ) | |
| 200 Independence Avenue, SW | ) | |
| Washington, DC 20201 | ) | |
| | ) | |
| JOANNE M. CHIEDI, | ) | |
| in her official capacity as Acting Inspector | ) | |
| General, United States | ) | |
| Department Of Health and | ) | |
| Human Services, | ) | |
| 330 Independence Avenue, SW | ) | |
| Washington, DC 20201 | ) | |
| | ) | |
| CONSTANCE B. TOBIAS, | ) | |
| in her official capacity as Chairperson, | ) | |
| Departmental Appeals Board, | ) | |
| United States Department Of | ) | |
| Health and Human Services, | ) | |
| 330 C Street, SW | ) | |
| Washington, DC 20024 | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT FOR MANDAMUS,
## <u>DECLARATORY, AND INJUNCTIVE RELIEF</u>

For his Complaint for Mandamus, Declaratory, and Injunctive Relief, plaintiff, Dr. Edwin Fuentes ("Dr. Fuentes") states:

## I.      INTRODUCTION

1.      Free and open access to our courts is a fundamental constitutional right of American citizens. Due process of law guarantees that all persons before a court have equal access to its ruling, pleadings, and decisions. It is elementary that due process does not tolerate a system of justice in which one party may see a court's full record, yet the other party cannot. As unimaginable as that would be for any court, such a one-sided system of access to decision making records is on full display in this case.

2.      Dr. Fuentes is a medical doctor whose ability to practice has been seriously jeopardized by the defendants' exclusion action against him that prohibits him from participating as a provider in the federal health programs. The Secretary and Inspector General ("IG") refer to exclusion as the "financial death sentence."[1]

3.      Dr. Fuentes has appealed the Secretary's imposition of the "financial death sentence" and is attempting to defend himself against this agency action. However, he cannot fully mount his defense without access to and inspection of the various public litigation records that would be readily available in any other court in the land. To compound that unfairness, the Defendants may inspect and rely

---

[1] OIG Roadmap for New Physicians: Avoiding Medicare and Medicaid Fraud and Abuse at 15, available at: https://oig.hhs.gov/compliance/physician-education/roadmap_speaker_notes.pdf  (last visited July 1, 2019).

upon the very documents that Dr. Fuentes cannot. This unfair playing field must be leveled.

4.     Our Constitution and federal law do not permit two separate systems of justice: one for courts—in which all persons have equal access to documents for their defense—and another system for those who stand accused before administrative agency tribunals where only the government prosecutor sees essential documents but the accused does not.

5.     Dr. Fuentes is not the only party barred by Defendants from inspecting the administrative record of any case brought under section 1128 or 1128A of the Social Security Act ("SSA"). Alarmingly, under the status quo, *this Court* is equally barred by Defendants from inspecting the record of any case brought under sections 1128 or 1128A of the SSA. The Court's inability to access the records is true despite its ultimate jurisdiction over the Secretary's final action.

6.     To remedy the Defendants' ongoing denial of access to documents that are commonly available to any party in any other litigation, Dr. Fuentes seeks a writ of mandamus. In particular, the writ would require the Defendants follow its regulations, open proceedings under section 1128 and 1128A of the SSA to the public, and permit Dr. Fuentes access to inspect records that are, by law, designated as available to the public. He also seeks a declaration that the defendants' have harmed him through the refusal to follow the specific regulations promulgated by the agency itself, and violated his constitutional and due process rights.

## II.    <u>JURISDICTION AND VENUE</u>

7.    The Court has jurisdiction over the subject matter of this mandamus case under 28 U.S.C. § 1361.

8.    The Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331.

9.    The Court has the authority to issue declaratory and other relief under 28 U.S.C. §§ 2201(a) and 2202.

10.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because this is an action against an officer of the United States in his or her official capacity, which is being brought in the district where the defendants are headquartered and reside in their official capacities.

11.    The matter is ripe for mandamus because:

    a. the Secretary, by regulation, guarantees Dr. Fuentes a clear and indisputable right to inspect the records of proceedings brought under sections 1128 and 1128A of the SSA;

    b. the Secretary, by regulation, mandates that all proceedings brought under sections 1128 and 1128A of the SSA be open to the public;

    c. Dr. Fuentes has requested, and was denied, access to inspect the records of hearings brought under sections 1128 and 1128A of the SSA;

    d. the Secretary has shielded every "public" hearing brought under sections 1128 and 1128A of the SSA from the public since at least 2012;

    e. the Secretary's failure to grant Dr. Fuentes access to the records of open and public hearings, contrary to a clear and indisputable obligation to do so, denies Dr. Fuentes his regulatory right to a fair and impartial hearing;

    f. the Secretary's refusal to grant Dr. Fuentes access to the records of open and public hearings, contrary to a clear and indisputable obligation to do so, causes immediate and irreparable harm by

denying Dr. Fuentes the ability to fully and adequately defend himself against the Secretary's action;

g.  Dr. Fuentes has no other adequate means to access and inspect the records of proceedings brought under sections 1128 and 1128A of the SSA;

h.  the Secretary's refusal to adhere to his own regulations necessitates judicial intervention, the issuance of mandamus order, and any other relief the Court considers appropriate.

### III.  THE PARTIES

12.  Dr. Fuentes is a physician who resides in the Western District of Virginia.

13.  Defendant Alex Michael Azar II is the Secretary of the United States Department of Health and Human Services ("HHS"), a federal department headquartered in Washington, D.C. This action is brought against Secretary Azar in his official capacity only.

14.  The Secretary is responsible for implementing various aspects of the SSA, including exercising his statutory authority to exclude certain health providers from participation in billing federal health programs.

15.  Joanne M. Chiedi is the acting Inspector General of HHS, a HHS division headquartered in Washington, D.C. This action is brought against acting IG Chiedi in her official capacity only.

16.  The IG has been delegated the authority to bring matters on behalf of the Secretary pursuant to sections 1128 and 1128A of the SSA. Under this delegation, the IG has created and promulgated regulations applicable to hearings and appeals brought before the Departmental Appeals Board ("DAB") for

Secretarial actions brought under sections 1128 and 1128A of the SSA. *See* 42 C.F.R. Parts 1001-1008.

17.     Constance B. Tobias is the Chairperson of the DAB for HHS, an HHS division headquartered in Washington, D.C. This action is brought against Chairperson Tobias in her official capacity only.

18.     Chairperson Tobias is responsible for managing, implementing, and overseeing the DAB. Chairperson Tobias has oversight over the implementation, administration, and management of the DAB E-File System. Chairperson Tobias is also a DAB Board member that hears appeals of Administrative Law Judge ("ALJ") decisions and issues appellate rulings and decisions.

## IV.     STATUTORY AND REGULATORY BACKGROUND

### A.     The Secretary's Exclusion Powers.

19.     The SSA grants the Secretary the authority to impose civil monetary penalties, assessments, and program exclusions against any individual or entity who commits an act described in sections 1128 or 1128A of the SSA.

20.     The Secretary delegated the authority to impose civil monetary penalties, assessments, and program exclusions to the IG. *See* 53 Fed. Reg. 12,993 (Apr. 20, 1988).

21.     The effect of exclusion under sections 1128 or 1128A of the SSA is that no federal health care program payment may be made for any items or services furnished (1) by an excluded person or (2) at the medical direction or on the prescription of an excluded person. 42 U.S.C. § 1395y(e)(1).

22.     Excluded persons are placed on a public list known as the List of Excluded Individuals and Entities ("LEIE"). The LEIE is maintained by the IG and is available at https://oig.hhs.gov/exclusions/exclusions_list.asp.

23.     Exclusions imposed under section 1128 of the SSA are classified by two broad categories: mandatory exclusions and permissive exclusions. *See* 42 U.S.C. § 1320a-7.

24.     Mandatory exclusions are imposed pursuant to section 1128(a) of the SSA and must remain in effect for a period of not less than five (5) years. *See* 42 U.S.C. § 1320a-7(c)(3)(B); *see also* 42 C.F.R. § 1001.102(a).

25.     Exclusion imposes significant adverse consequences on health care practitioners, with the IG equating exclusion to a "financial death sentence."

26.     The IG informed Dr. Fuentes that his exclusion will significantly limit his ability to work in any capacity in the health care field in the United States. No payment will be made by any Federal health care program (such as Medicare, Medicaid, Veterans Health Administration, TRICARE, Military Direct Care System, etc.) for any items or services furnished, ordered, or prescribed by Dr. Fuentes in any capacity. For example, Dr. Fuentes is prohibited from submitting or causing claims to be submitted to Federal health care programs for items or services which he provides, and is also prohibited from being employed to provide items or services that are billed to a Federal health care program. Such items or services could include administrative, clerical, and other activities that do not directly involve patient care or the provision of any health care related services.

27.     In addition to the total ban on the direct and indirect receipt of any federal health care program money, practitioners are often subject to additional collateral consequences that are a direct result of the program exclusion. Private third-party commercial payors often terminate contractual relationships with health care providers or suppliers that are excluded and appear on the LEIE.

28.     The Office of Investigations ("OI") is the IG's law enforcement arm responsible for conducting investigations relating to HHS program, operations, and beneficiaries.

29.     The OI is responsible for collecting exclusion related information, evaluating evidence, selecting the applicable exclusion authority, selecting the length of exclusion, and issuing the IG's notice of exclusion pursuant to section 1128 of the SSA.

30.     The Office of Counsel to the Inspector General ("OCIG") is the IG's legal department and, in part, provides legal advice to the OI regarding program exclusions.

31.     The OCIG defends challenges and appeals regarding exclusion before the DAB.

32.     The OCIG also has the authority to make exclusion determinations or impose exclusions under certain specific authorities, including section 1128A of the SSA.

**B.     The Regulatory Framework Governing Exclusions Imposed Under Sections 1128 and 1128A of the SSA.**

33.    The Secretary, through the IG, promulgated regulations regarding: (1) the exclusion authority under section 1128 of the SSA (42 U.S.C. § 1320a-7), codified at 42 C.F.R. Part 1001; (2) the civil monetary penalties law under section 1128A of the SSA (42 U.S.C. § 1320a-7a), codified at 42 C.F.R. Part 1003; and (3) the procedures applicable to appeals of exclusions, civil monetary penalties, and assessments, codified at 42 C.F.R. Part 1005.

34.    By regulation, the IG must send a written notice of the decision to the excluded individual or entity.

35.    The IG's notice of exclusion must include: (1) the basis for the exclusion; (2) the length of the exclusion and, where applicable, the factors considered in setting the length; (3) the effect of the exclusion; (4) the earliest date on which the IG will consider a request for reinstatement; (5) the requirements and procedures for reinstatement; and (6) the appeal rights available to the excluded individual or entity. *See* 42 C.F.R. § 1001.2002.

36.    The exclusion becomes effective 20 days after the date of the IG's mailing of the notice. *Id.*

37.    The individual is excluded before any appeal and remains excluded throughout the appeals process.

38.    The individual has 60 days from receipt of the exclusion to appeal the IG's determination. 42 C.F.R. § 1001.2002.

39.    Unless appealed, the Secretary's decision, issued through the IG, becomes binding and is the final agency determination.

40.     At or near the time of mailing, the IG makes public the name of the

excluded person or entity, the person's line of work (*e.g.*, Physician), the person's

specialty (*e.g.*, Family Practice), the person's home address or current residence, the

exclusion authority, and the exclusion date. This information is published and

maintained on the LEIE and circulated via the IG's electronic mail listserv on a

monthly basis. The IG makes this information public prior to any appeal, and this

information remains public throughout the appeals process and term of exclusion.

## C.     The DAB Appeals Process for Exclusions Brought Under Sections 1128 and 1128A of the SSA.

41.     The DAB provides review for "disputed decisions in a wide range of

Department programs under more than 60 statutory provisions." *See* DAB

Organizational Overview.[2]

42.     The DAB is the adjudicatory body that receives and hears exclusion

appeals. The DAB is organized into several divisions.

43.     This present matter in controversy involves the Civil Remedies

Division and, in particular, the lack of public access to the records including cases,

dockets, filings, and decisions of matters involving DAB.

44.     The Secretary, acting through the IG, has issued regulations which

govern the appeal process. *See* 42 C.F.R. §§ 1005.1–1005.23.

45.     Initial appeals are heard and decided by an ALJ.

---

[2] Available at https://www.hhs.gov/about/agencies/dab/about-dab/organizational-overview/index.html (last visited July 1, 2019).

46.     The Secretary's regulations define the permissible conduct, actions, and responsibilities of all parties to the appeal, including the ALJ, the IG, and the non-government litigant.

47.     For example, the Secretary mandates that the ALJ conduct a fair and impartial hearing, avoid delay, maintain order, and ensure that a record of the proceeding is made. 42 C.F.R. § 1005.4(a).

48.     The Secretary also expressly prohibits the ALJ from refusing to follow a federal regulation. 42 C.F.R. § 1005.4(c)(1).

49.     The Secretary limited the scope of any appeal brought under section 1128 of the SSA. The litigant may only challenge (1) the basis for the exclusion; and (2) the length of the exclusion, if the term is longer than the minimum five (5) year period. *See* 42 C.F.R. § 1001.2007(a).

50.     On information and belief, most, if not all, exclusion hearings are conducted on the written record.

51.     The ALJ has 60 days to issue a decision after the submission of the last post-hearing or reply brief. *See* 42 C.F.R. § 1005.20(c).

52.     The ALJ will issue an initial decision, based only on the record, which contains findings of fact and conclusions of law. *See* 42 C.F.R. § 1005.20(a).

53.     An ALJ decision becomes binding and final within 30 days of a party's receipt of the decision, unless timely appealed. *See* 42 C.F.R. § 1005.21(d). ALJ decisions that are not timely appealed become the Secretary's final agency action.

54.     If the ALJ affirms or upholds the exclusion, the individual has 30 days, with the possibility of one 30-day extension, to file an appeal with a three-member panel known as "the Board." *See* 42 C.F.R. § 1005.21(a).

55.     The Board may decline to review the case, or may affirm, increase, reduce, reverse, or remand the ALJ's decision. 42 C.F.R. § 1005.21(g).

56.     Within 60 days after the submission of the final brief, the Board will issue its decision and a statement describing the right of any petitioner or respondent who is found liable to seek judicial review. *See* 42 C.F.R. § 1005.21(i).

57.     The individual may appeal the Board's decision to Federal District Court. *See* 42 C.F.R. § 1005.21(k).

58.     The District Court's jurisdiction to review the appeal of an exclusion arises under 42 U.S.C. § 1320a-7(f), which incorporates the judicial review provisions stated in 42 U.S.C. § 405(g). 42 U.S.C. § 1320a-7(f)(1) permits any individual or entity that is excluded from participation in federal health care programs to seek judicial review of the exclusion, "as provided in  section 405(g)," after exhausting administrative remedies. *See* 42 U.S.C. § 1320a-7(f)(1).

59.     This Court will have jurisdiction over the instant matter in the event the ALJ and Board uphold the IG's exclusion decision.

**D.     Publication of the Administrative Records.**

60.     The Secretary, acting through the IG, has imposed a mandatory duty on the DAB to make its litigation documents available to the public.

61.    The DAB's stated mission is to "to provide the best possible dispute resolution services for the people who appear before us, those who rely on our decisions, *and the public*." *See* DAB Mission Statement (emphasis supplied).[3] Its guiding principles include the obligation to be "fair and impartial" and "deliver products which are thorough, well-reasoned and written in concise, clear English." *Id.*

62.    The Secretary has issued regulations that address how the DAB is to operate its public hearings and make litigation records available to the public. *See, e.g.,* 42 C.F.R. § 1005.15 ("The hearing will be open to the public unless otherwise ordered by the ALJ for good cause shown."); 42 C.F.R. § 1005.18 (hearings under sections 1128 and 1128A of the SSA will be "recorded and transcribed" and any person may inspect and copy the record, which includes "transcripts of testimony, exhibits and other evidence admitted at the hearing, and all papers and requests filed.").

63.    The open-hearing requirement mandates Dr. Fuentes have access to: (1) all ALJ decisions; (2) all pre-hearing rulings and orders relating to discovery, evidentiary rulings, hearing procedures, and witness testimony; and (3) all written pleadings, because the majority of, if not all, exclusion hearings before an ALJ are conducted on the written record.

**E.     The DAB E-File System.**

---

[3] Available at https://www.hhs.gov/about/agencies/dab/about-dab/organizational-overview/index.html (last visited July 1, 2019).

64.     The DAB maintains an electronic docketing system—similar to the ECF/PACER docket system—known as "DAB E-File System" which contains an electronic docket of all documents filed in every DAB case. *See generally* https://dab.efile.hhs.gov/.

65.     The DAB E-File System was created in late 2011 or early 2012, and serves as the DAB's electronic filing and document management system, in part, for matters brought under the sections 1128 and 1128A of the SSA.

66.     The DAB E-File System organizes cases by docket number and contains the complete record of the litigation, including "transcript of testimony, exhibits and other evidence admitted at the hearing, and all papers and requests filed in the proceeding relied upon by the ALJ and the Secretary to render a decision." 42 C.F.R. § 1005.18(b).

67.     Plainly stated, the DAB E-File System maintains the hearing record for all matters brought under section 1128 and 1128A of the SSA as described in 42 C.F.R. §§ 1005.15 and 1005.18.

68.     The DAB E-File System does not house, maintain, or include any materials that are not part of the "open hearing" unless ordered sealed by the ALJ for good cause. 42 C.F.R. § 1005.18(c).

69.     The DAB mandates that the parties are required to use the DAB E-File System, which may be accessed at https://dab.efile.hhs.gov/login, to file all pleadings and documents.

70.     The DAB Civil Remedies Division ("CRD") Procedure Manual ("Local Rules") states that "[a]ll parties **must** use DAB E-File to file all of its submissions with CRD and the ALJ."[4] CRDP § 6 at p.4. (emphasis in original) ("All documents and other materials submitted become part of the record and subject to public disclosure.").

71.     DAB Chairman Tobias has publicly touted the success of the DAB E-File System, claiming that it permits "parties to file documents electronically and reducing the paperwork and time required to process cases" and is "an efficient means of managing DAB's case load." *See* Testimony of Constance B. Tobias to the Senate Committee on Veterans' Affairs (November 6, 2013).[5]

72.     While the DAB E-File System has no doubt assisted the Defendants' efficiency and success, the DAB E-File System has not similarly benefited non-government litigants or the general public. The DAB has prohibited public access to the DAB E-File system.

73.     The DAB does <u>not</u> publish or make available to non-government litigants or the public any:

- DAB E-File System docket information;

- testimony or transcripts;

- exhibits and other evidence admitted at the hearings; or

- papers and requests filed in the proceedings.

---

[4] Available at https://www.hhs.gov/sites/default/files/crd-procedures-2016.pdf (last visited July 1, 2019).
[5] Available at https://www.veterans.senate.gov/download/constancetobias11613 (last visited July 1, 2019).

74.     As a result, Dr. Fuentes cannot identify, search, or inspect the record of any other cases litigated by the IG to prepare a defense, examine other final Secretary actions, or find persuasive authority for his defense.

75.     The IG, however, on information and belief has full and unencumbered access to *all* final ALJ exclusion decisions, docket information, case pleadings, and ALJ pre-hearing orders relating to discovery, evidentiary rulings, hearing procedures, and witness testimony.

76.     On information and belief, the Secretary's denial of access to this supposedly "public" information for non-government litigants has occurred in *every* case litigated by the IG since the inception of the DAB E-File System.

77.     The Secretary's prohibition of access to inspect these "publically available" documents, puts Dr. Fuentes, and all other excluded individuals appealing the Secretary's decisions, at a staggering disadvantage.

78.     On information and belief, the Secretary, IG, and DAB all have private access to the full panoply of this litigation repository which includes briefs, filings, exhibits, rulings, and decisions.

79.     On information and belief, Dr. Fuentes, and the public, are intentionally prohibited from accessing or inspecting the same litigation repository.

80.     The Secretary's refusal to permit Dr. Fuentes the ability to access and inspect any prior hearing records deprives him of his regulatory right to a fair, impartial, and just hearing. *See* 42 C.F.R. § 1005.4 and 1005.6.

81.     The only remedy to ensure a fair, impartial, and just hearing, and is grant Dr. Fuentes full access to the DAB E-File System for the inspection of these purportedly "public" records that are currently only available to the Secretary, IG, and DAB.

## V.     FACTUAL BASIS FOR THE EXCLUSION ACTION

### A.     Dr. Fuentes' Underlying Case, Exclusion, and OIG Appeal.

82.     On April 30, 2018, the IG notified Dr. Fuentes that he was being excluded from participating in Medicare, Medicaid, and all other Federal health care programs for a period of 15 years pursuant to sections 1128(a)(1) and 1128(a)(3) of the SSA, codified at 42 U.S.C. § 1320a-7(a)(1) and (3). A true and correct copy is attached hereto as **Exhibit A.**

83.     The IG imposed this exclusion on the basis that Dr. Fuentes had been convicted in the U.S. District Court for the Western District of Virginia, for a criminal offense related to the delivery of an item or service under Medicare or a State health care program, as well as a criminal offense related to fraud, theft, embezzlement, breach of fiduciary responsibility, or other financial misconduct in connection with the delivery of a health care item or service, including the performance of management or administrative services relating to the delivery of such items or services, or with respect to any act or omission in a health care program (other than Medicare and a State health care program) operated by, or financed in whole or in part, by any federal, state or local government agency.

84.     The IG increased the period of exclusion from 5 to 15 years based on the presence of three aggravating factors.

85.     On July 2, 2018, Dr. Fuentes timely requested review of his exclusion.

86.     On July 26, 2018, an ALJ conducted a prehearing conference and set briefing and evidentiary schedule.

87.     On October 24, 2018, Dr. Fuentes' prior counsel filed a Motion for Extension for good cause on the grounds that they were seeking to find substitute counsel that was well-versed in the subject matter. The ALJ granted the request on the same day.

88.     On November 9, 2018, the undersigned law firm filed a notice of appearance to become Dr. Fuentes' counsel of record.

89.     On November 12, 2018, Dr. Fuentes filed before the ALJ a "Motion for Access to the Departmental Appeals Board E-File System." ("Motion for DAB E-File Access"). A true and correct copy is attached hereto as **Exhibit B.**

90.     The Motion for DAB E-File Access sought access to records of public hearings brought under section 1128 and 1128A of the SSA.

91.     The IG did not object to or otherwise contest Dr. Fuentes' Motion for DAB E-File Access.

92.     Dr. Fuentes simultaneously requested specific public records through the discovery process by serving a Request for Discovery on the IG. Specifically, Dr. Fuentes' discovery requests 6, 7, and 8 sought public records covered by 42 C.F.R. §§ 1005.15 and 1005.18. A true and correct copy is attached hereto as **Exhibit C.**

93.     The IG moved to strike Dr. Fuentes' request for discovery, including the request for public records covered by 42 C.F.R. §§ 1005.15 and 1005.18. A true and correct copy is attached hereto as **Exhibit D.**

94.     The IG sought to strike the request because Dr. Fuentes failed to "meet his burden of showing that discovery should be allowed, because he requests broad categories of documents without showing how any particular document is relevant or material to issues before him [sic], and because the documents related to the I.G.'s decision-making are specifically irrelevant to his [sic] review." *See* Exhibit D at 3.

95.     The IG failed to explain why he sought to prevent Dr. Fuentes from obtaining records the Secretary has required to be made available for inspection and copy under 42 C.F.R. §§ 1005.15 and 1005.18.

96.     On November 30, 2018, the ALJ issued an omnibus ruling addressing several prehearing motions and requests. *See* Ruling on Petitioner's Motion to Substitute Counsel, Motion for Access and Discovery Motion, Protective Order, Order to Produce and *Sua Sponte* Extending the Summary Judgement Briefing Schedule (Nov. 30, 2018) ("Ruling"). A true and correct copy is attached hereto as **Exhibit E.**

97.     In the Ruling, the ALJ denied Dr. Fuentes' Motion for DAB E-File Access because he had "no authority to control access to DAB E-File, any order I would issue requiring that Petitioner be given access would be an order for the Secretary or a delegate to act to give Petitioner access. I conclude I have no

authority to grant or deny Petitioner access to case records in DAB E-File." *See* Exhibit E at 2.

98. The Ruling also granted the IG a protective order over records the Secretary has required be made public for inspection and copy under 42 C.F.R. § 1005.15 and 1005.18. *See* Exhibit E at 7.

99. On January 19, 2019, Dr. Fuentes filed a Motion to Inspect Prior Records to obtain records of specific public hearings brought under section 1128 and 1128A of the SSA necessary for his defense. A true and correct copy is attached hereto as **Exhibit F.**

100. On May 14, 2019, the ALJ denied Dr. Fuentes filed a Motion to Inspect Prior Records. *See* Rulings Granting Petitioner's Request For Reconsideration, Denying Petitioner's Motion to Compel, Denying Petitioner's Request for Access to Records for 29 Unrelated Cases and Order Lifting Stay (May 14, 2019). A true and correct copy is attached hereto as **Exhibit G.**

101. The ALJ's refusal to grant Dr. Fuentes access to the DAB E-File System to inspect the records and refusal to provide Dr. Fuentes the opportunity to inspect and copy the records violates the Secretary's regulation prohibiting an ALJ from refusing "to follow federal statutes or regulations or secretarial delegations of authority." *See* 42 C.F.R. § 1005.4(c).

**B.** **Dr. Fuentes' Attempts to Access the DAB E-File System, Inspect the Public Records, and Prepare a Defense.**

102. On April 20, 2018, Dr. Fuentes' counsel requested DAB E-File System access from DAB Chairperson Tobias to inspect the publically available records

relating to IG cases brought under sections 1128 and 1128A of the Social Security Act. A true and correct copy is attached hereto as **Exhibit H.**

103.    DAB Chairperson Tobias, through an authorized representative, rejected the request claiming there are "no publically available hearing documents, as you request." *See* Exhibit H.

104.    The DAB's stated grounds for the rejection conflict with its own governing regulations. *See* 42 C.F.R. § 1005.18(c) ("The record may be inspected and copied . . . by any person."); *see also* 42 C.F.R. § 1005.15(e) ("Hearing[s] will be open to the public unless otherwise ordered by the ALJ for good cause shown.").

105.    DAB Chairperson Tobias' failure to grant DAB E-File System access to inspect the records violated the Secretary's regulation requiring a Board Member to follow federal statutes, regulations, and or secretarial delegations of authority. Specifically, the denial violates the regulation expressing permitting any person access to records for inspection and copy. *See* 42 C.F.R. §§ 1005.4(c) and 1005.18. It also violates Dr. Fuentes' due process rights.

106.    Dr. Fuentes has repeatedly sought access to the "public records" through (i) correspondence to the DAB Chairperson requesting access; (ii) a motion to the ALJ requesting access; (iii) requests for specific public records through discovery; and (iv) a motion to inspect the records of specific cases. All efforts have been rejected in violation of Defendants' own regulations.

107.    The Secretary, acting through the IG and DAB, is in violation of the *Accardi* Doctrine, requiring administrative agencies to meticulously follow their

own regulations less risk having their actions invalidated and overturned by a reviewing court. *See generally, United States* ex rel. *Accardi v. Shaughnessy*, 347 U.S. 260 (1954).[6]

108.   While not necessary for the issuance of a mandamus order, this matter is also ripe for judicial intervention because Dr. Fuentes has achieved agency exhaustion on this issue. Dr. Fuentes attempted to obtain access to the records by all means available to him under 42 C.F.R. Part 1005. The ALJ has conclusively determined that he lacks the authority to mandate the Secretary to provide the information as requested. *See* Exhibit E at 2. Further efforts to seek relief from the Defendants on this matter would be futile.

109.   Finally, the failure to compel the Secretary, the IG, and the DAB to follow their own regulations and make prior administrative records public, will undeniably harm Dr. Fuentes by forcing him to defend a "financial death sentence" without information that he is entitled to as a member of the public and a litigant under Part 1005, Title 42, *Code of Federal Regulations*. Mandamus is necessary to prevent the arbitrariness that is inherently characteristic of an agency's violation of its own regulations.

---

[6] *See also IMS, P.C. v. Alvarez,* 129 F.3d 618, 621 (D.C. Cir. 1997) ("It is a 'well-settled rule that an agency's failure to follow its own regulations is fatal to the deviant action.'").

## COUNT I

### Mandamus Act (28 U.S.C. § 1361)

110.   Dr. Fuentes re-alleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 109 as if fully set forth herein.

111.   Dr. Fuentes has sought access to the publically available records for inspection through (1) informally contacting the DAB Chairperson; (2) through formal motion practice; and (3) discovery. The Secretary, acting through the IG and DAB, has denied every attempt to access these public records in contravention of specific regulations promulgated by the Secretary.

112.   The Secretary has a clear, indisputable, and non-discretionary duty to make public its hearings, documents, filings, exhibits, and decisions under sections 1128 and 1128A of the SSA.

113.   The Secretary has a clear, indisputable, and non-discretionary duty to permit Dr. Fuentes access to inspect transcripts of testimony, exhibits and other evidence admitted at the hearing, and all papers and requests in matters under sections 1128 and 1128A of the SSA.

114.   The Secretary, IG, and DAB have breached this duty by failing to permit Dr. Fuentes access to this information after multiple reasonable requests.

115.   Dr. Fuentes is suffering, and will continue to suffer, irreparable injury because of the Secretary's refusal to follow his own regulations. Dr. Fuentes will be deprived of his guaranteed right to a fair, impartial, and just hearing where the

imposition of the Secretary's exclusion will subject Dr. Fuentes to significant consequence.

116.   Dr. Fuentes has no adequate remedy at law. The Secretary, acting through the DAB and IG, has knowingly and willfully failed to follow the governing regulations. Dr. Fuentes' Due Process Rights have been violated and he cannot obtain relief from the Secretary's harmful errors. Only the declaratory, injunctive, and mandamus relief which this Court can provide will fully redress the Defendants' unlawful conduct.

117.   Dr. Fuentes has an explicit right to the relief sought. There is no other adequate remedy available to correct an otherwise unreviewable defect. The Defendants' have a plainly defined nondiscretionary duty to provide the relief that Dr. Fuentes now seeks.

WHEREFORE, Dr. Fuentes requests the Court enter a *writ of mandamus* ordering the Secretary, the IG, and the DAB to grant Dr. Fuentes access to the DAB E-File System and make available to Dr. Fuentes all records of any proceedings under sections 1128 and 1128A of the SSA including:

a)  all ALJ and DAB final decisions;
b)  all ALJ pre-hearing orders relating to discovery, evidentiary rulings, hearing procedures, and witness testimony;
c)  all pleadings;
d)  all Testimony (affidavits, trial transcripts, deposition records, investigational inquiry testimony);
e)  all Exhibits; and
f)  all other materials maintained in the DAB E-File System that would be construed as publicly-filed documents under the SSA, except for those documents properly sealed or redacted by order of an ALJ for good cause shown.

g) An award to Dr. Fuentes' of his reasonable costs, attorney's fees, and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

h) An award of all other relief the Court deems just.

## COUNT II

## Declaratory Judgment (28 U.S.C. § 2201)

118.    Dr. Fuentes re-alleges and reincorporates herein by reference all of the allegations contained in paragraphs 1 through 117 as if fully set forth herein.

119.    A declaratory judgment would clarify the rights and obligations of the respective parties, in light of the Secretary's unlawful actions.

120.    Dr. Fuentes has suffered, and will continue to suffer, an injury in fact by his inability to seek the various pleadings and other litigation documents that would allow him to prepare a full and meaningful defense to the OIG action.

121.    There is a causal connection between Dr. Fuentes' injury above and the Defendants' conduct.

122.    It is substantially likely that Dr. Fuentes' injury would be fully redressed by a favorable decision declaring that the Defendants have violated Dr. Fuentes' due process rights and, moreover, a declaration that the Defendants have no justifiable reason to not make public the pertinent litigation files in this and all other OIG matters.

WHEREFORE, Dr. Fuentes seeks an order declaring:

a) the Secretary, acting through the IG and DAB, has failed to follow its own regulations;

b) the Secretary, acting through the IG and DAB, has violated the *Accardi* Doctrine by failing to follow its own regulations;

c) that the Secretary has denied Dr. Fuentes his regulatory right to a fair and impartial hearing;

d) that the Secretary has denied Dr. Fuentes his procedural due process rights and violated other federal laws, including the Due Process Clause of the 5th Amendment of the U.S. Constitution.;

e) that Defendants have violated the Social Security Act, the applicable regulations implementing the Act, and the 1st and 5th Amendments of the U.S. Constitution by intentionally refusing to make public information that is required by law to be public, including a declaration that such refusal violates Dr. Fuentes's due process rights in his exclusion appeal;

f) that Dr. Fuentes is entitled to his reasonable costs, attorney's fees, and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

g) such other and further relief as the court deems just and proper.

## COUNT III

### Violation of the 5th and Amendment / *Accardi* Claim

123.   Dr. Fuentes re-alleges and reincorporates herein by reference all of

the allegations contained in paragraphs 1 through 122 as if fully set forth herein.

124.   Defendants' actions violate the 5th Amendment of the U.S.

Constitution's due process protections.

WHEREFORE, Dr. Fuentes seeks an order declaring:

a) the Secretary, acting through the IG and DAB, has failed to follow its own regulations;

b) the Secretary, acting through the IG and DAB, has violated the *Accardi* Doctrine by failing to follow its own regulations;

c) that the Secretary has denied Dr. Fuentes his regulatory right to a fair and impartial hearing;

d) that the Secretary has denied Dr. Fuentes his procedural due process rights and violated other federal laws, including the Due Process Clause of the 5th Amendment of the U.S. Constitution.;

e) that Defendants have violated the Social Security Act, the applicable regulations implementing the Act, and the 1st and 5th Amendments of the U.S. Constitution by intentionally refusing to make public information that is required by law to be public, including a declaration that such refusal violates Dr. Fuentes's due process rights in his exclusion appeal;

    f)   that Dr. Fuentes is entitled to his reasonable costs, attorney's fees, and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

    g)   such other and further relief as the court deems just and proper.

July 1, 2019                        Respectfully submitted,

                                  /s/  Mark W. Bina
                                  David M. Blank*
                                  Mark W. Bina
                                  QUARLES & BRADY LLP
                                  1701 Pennsylvania Avenue, NW
                                  Suite 700
                                  Washington, DC 20006
                                  Phone: 202-780-2643
                                  David.Blank@quarles.com
                                  Mark.Bina@quarles.com
                                  *Pro Hac Vice petition forthcoming

                                  *Counsel for Plaintiff*

QB\58262894.2