UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EDWIN L. FUENTES,<br><br>    Plaintiff,<br><br>    v.<br><br>ALEX M. AZAR II et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 19-cv-1965 (APM)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

### I.   INTRODUCTION

Plaintiff Edwin L. Fuentes was convicted of health care fraud and attempted tax evasion in January 2018. As a result of his conviction, the Inspector General of the Department of Health and Human Services excluded Plaintiff from participating in federal health care programs for 15 years. Plaintiff lodged an administrative appeal of that decision and filed several motions seeking comprehensive access to hearing records from prior exclusion cases, which the administrative law judge denied. Before appealing the denial through the ordinary administrative channels, Plaintiff filed the instant action seeking mandamus relief ordering Defendants to grant Plaintiff access to "all records of any proceedings" brought under the civil monetary penalty and exclusion provisions of the Social Security Act, as well as a declaratory judgment that Defendants' failure to provide such access is contrary to law and unconstitutional. Defendants move to dismiss Plaintiff's Complaint, arguing among other things, that Plaintiff has not established the jurisdictional prerequisites for mandamus relief and has not levied his other challenges through the required channels. The court agrees, and for the reasons that follow, grants Defendants' motion.

## II.     BACKGROUND

### A.     Legal Background

The Inspector General of the United States Department of Health and Human Services ("HHS"), acting pursuant to authority delegated by the Secretary of HHS, *see* 53 Fed. Reg. 12,993 (April 20, 1988), is required to exclude individuals from participating in federal healthcare programs who have been convicted of, among other things, "a criminal offense related to the delivery of an item or service" under Medicare or a state health care program, 42 U.S.C. § 1320a-7(a)(1), or a felony related to healthcare fraud, *id.* § 1320a-7(a)(3). Unless certain exceptions apply, the minimum period of exclusion for these crimes is five years, *id.* § 1320a-7(c)(3)(B), and the Inspector General may lengthen that period based on aggravating factors, *see* 42 C.F.R. § 1001.102(b).

An individual whom the Inspector General excludes may request a hearing before an administrative law judge ("ALJ") in the Civil Remedies Division of HHS's Departmental Appeals Board. *See* 42 U.S.C. § 1320a-7(f)(1); 42 C.F.R. § 1005.2(a). She may challenge "[t]he basis for the imposition of the sanction," and, if the term is longer than the five-year minimum, "[t]he length of exclusion." *See* 42 C.F.R. § 1001.2007(a). The parties to such proceeding are the petitioner and the Inspector General. *Id.* § 1005.2(b). Either party "may make a request to another party for production of documents for inspection and copying which are relevant and material to the issues before the ALJ," and if the request is refused, she may file a motion to compel discovery. *Id.* § 1005.7(a), (e)(1). The opponent of discovery may, in turn, file a motion for a protective order, which the ALJ may grant if she finds the requested discovery is irrelevant, unduly costly or burdensome; will unduly delay the proceedings; or seeks privileged information. *Id.*

§ 1005.7(e)(1)–(2); *see also id.* § 1005.4(b)(6)–(7) (empowering the ALJ to "[r]ule on motions and other procedural matters" and "[r]egulate the scope and timing of documentary discovery").

A petitioner may appeal an ALJ's adverse determination to the Departmental Appeals Board's Appellate Division ("Appellate Division"). *Id.* § 1005.21(a). The Appellate Division's decision becomes final and binding 60 days after the parties are served with the decision. *Id.* § 1005.21(j). A party may seek judicial review within that timeframe. *Id.* § 1005.21(k)(1). Judicial review is governed by section 405(g) of the Social Security Act ("SSA"). *See* 42 U.S.C. § 1320a-7(f)(1) (providing that "any individual or entity that is excluded (or directed to be excluded) from participation under this section is entitled to reasonable notice and opportunity for a hearing thereon by the Secretary . . . , and to judicial review of the Secretary's final decision after such hearing as is provided in section 405(g) of this title").

    **B.**    **Factual Background**

On April 30, 2018, the Inspector General notified Plaintiff that he was being excluded from participating in Medicare, Medicaid, and all other federal healthcare programs on the basis of two criminal convictions for healthcare fraud and attempted tax evasion. *See* Compl., ECF No. 1 [hereinafter Compl.], ¶¶ 82–83; *see also id.*, Exs. A–H, ECF No. 1-2 [hereinafter Compl. Exhibits], Ex. A; Judgment, ECF No. 28, *USA v. Fuentes*, No. 4:17-cr-00009-JLK-1 (W.D. Va. Jan. 9, 2018). The Inspector General increased the exclusionary period from five to 15 years based on three aggravating factors. Compl. Exhibits, Ex. A; Compl. ¶ 84. Plaintiff requested administrative review of his exclusion on July 2, 2018. Compl. ¶ 85. Later that month, an ALJ conducted a prehearing conference and set a briefing and evidentiary schedule. *Id.* ¶ 86.

*Plaintiff's November 2018 Motion and Request.* On November 12, 2018, Plaintiff filed a motion before the ALJ seeking "full access" to the Departmental Appeals Board's E-File

3

Database—a non-public electronic filing and document management system, which contains records associated with exclusion proceedings, as well as certain other matters before the Board. *See* Compl. Exhibits, Ex. B [hereinafter Mot. for Access], at 1–2 (PDF pp. 3–4); Compl. ¶¶ 64, 89. On the same date, Plaintiff filed a "Request for Discovery," asking that the Inspector General provide, among other things, "[a]ll final Administrative Law Judge or Departmental Appeals Board exclusion decisions issued in 2018," and "[a]ll non-public Administrative Law Judge rulings interpreting or applying any part, subpart, or regulation found in section 1005, Title 42, *Code of Federal Regulations* relating to discovery, evidentiary rulings, hearing procedures, or witness testimony." Compl. Exhibits, Ex. C. at 5 ¶¶ 6–7 (PDF p. 17); Compl. ¶ 92. In a November 30, 2018 order, the ALJ concluded that he "had no authority to grant or deny access to case records in E-File," denied Plaintiff's discovery requests because Plaintiff had not explained how the ALJ opinions and other materials he sought were relevant and material to his appeal, and granted the Inspector General's request for a protective order, thereby "relieving [him] of any responsibility to produce documents responsive" to the discovery requests at issue. *See* Compl. Exhibits, Ex. E, at 1–9 (PDF pp. 24–32); Compl. ¶ 96.

*Plaintiff's January 2019 Motion.* On January 29, 2019, Plaintiff filed a "Motion to Inspect Prior Records," seeking to "inspect and copy" records from various cases before the Departmental Appeals Board. *See* Compl. Exhibits, Ex. F. (PDF p. 33); Compl. ¶ 99. The ALJ denied his motion on May 14, 2019, noting that the records Plaintiff requested were either publicly accessible on the agency's website or non-precedential and therefore not relevant or material. Compl. Exhibits, Ex. G. at 21 (PDF p. 59); Compl. ¶ 100. The ALJ also rejected Plaintiff's additional argument that he was entitled to the records pursuant to 42 C.F.R. § 1005.18(c), which provides that records from exclusion appeals "may be inspected and copied (upon payment of a reasonable fee) by any person,

4

unless otherwise ordered by the ALJ for good cause shown." Compl. Exhibits, Ex. G. at 21 (PDF p. 59). This provision, the ALJ reasoned, does not grant a freestanding right of access to decisions in past or pending cases, and the "procedures for requesting access to those federal records" are set forth in the Freedom of Information Act ("FOIA") and HHS's implementing regulations. *Id.* at 21–22 (PDF pp. 59–60).[1]

### C. Procedural History and Related Proceedings

On July 1, 2019, Plaintiff brought this action against Defendants Alex M. Azar II, the Secretary of HHS, Joanne M. Chiedi, the then-acting Inspector General of HHS,[2] and Constance B. Tobias, the Chairperson of HHS's Departmental Appeals Board. *See* Compl. ¶¶ 13–18. Plaintiff contends that he needs full access to the Departmental Appeals Board's E-File Database to mount his appeal of the Inspector General's exclusion decision. *Id.* ¶¶ 3, 6. Plaintiff's Complaint includes three counts. In Count 1, Plaintiff claims that Defendants have violated a clear duty to provide him access to the records, and seeks a writ of mandamus under 28 U.S.C. § 1361 requiring Defendants to grant Plaintiff "access to the [Departmental Appeals Board] E-File System and make available to [Plaintiff] all records of any proceedings under sections 1128 and 1128A of the SSA"—the provisions of the SSA governing exclusion and civil monetary penalty proceedings. *Id.* ¶¶ 110–17. In Count 2, Plaintiff seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, finding that Defendants' actions contravene the SSA, HHS's governing regulations, and the First and Fifth Amendments. *See id.* ¶¶ 118–22. Count 3 seeks the same declaratory relief as Count 2. *Id.* ¶¶ 123–24.

---

[1] In addition to the motions outlined above, in April 2018, Plaintiff's counsel emailed a request for access to the E-File Database from Departmental Appeals Board Chairperson Constance Tobias, which was rejected. *See* Compl. ¶¶ 102–03; Compl. Exhibits, Ex. H, at 1–2 (PDF pp. 63–64). The court does not consider this request since it was not filed on Plaintiff's behalf. However, even if the request were properly before the court, the court's analysis would be the same.

[2] The court substitutes Defendant Chiedi with her successor pursuant to Federal Rule of Civil Procedure 25(d).

Defendants filed a Motion to Dismiss on September 9, 2019. *See* Defs.' Mot. to Dismiss, ECF No. 5. Defendants argue that Plaintiff's Complaint should be dismissed for lack of jurisdiction under Rule 12(b)(1) because Plaintiff has not met the jurisdictional requirements for a writ of mandamus, this court has no jurisdiction over his other claims, and the Declaratory Judgment Act does not provide an independent basis for jurisdiction. *See* Mem. of P&A in Supp. of Defs.' Mot. to Dismiss, ECF No. 5-1 [hereinafter Defs.' Mot.], at 3–4, 14. Briefing concluded on October 29, 2019, *see* Defs.' Reply in Supp. of Their Mot. to Dismiss, ECF No. 11 [hereinafter Defs.' Reply].

While briefing in this matter was underway, the ALJ issued a decision on September 18, 2019, upholding the Inspector General's decision to exclude Plaintiff from participating in federal health care programs for a minimum of 15 years. *See* Defs.' Notice of Ruling in Administrative Proceeding, ECF No. 7, Ex. A, ECF No. 7-1. The Appellate Division affirmed the ALJ's decision on February 28, 2020, and upheld the ALJ's decision denying him access to the E-File Database and other records. *See* Defs.' Notice of Ruling in Administrative Proceeding, ECF No. 13, at 1; *id.*, Ex. A, ALJ Decision, at 17–20. On May 4, 2020, Plaintiff filed a lawsuit in the Western District of Virginia, seeking judicial review of that decision and contending, among other things, that the decision was contrary to law, arbitrary and capricious, and unconstitutional because Plaintiff was not given full access to the Departmental Appeals Board's E-File Database or to records of prior public cases. *See* Compl. for Declaratory, Injunctive, & Other Relief [hereinafter W.D. Va. Compl.], ECF No. 1, ¶¶ 52, 62–63, 76–77, *Fuentes v. Azar*, 4:20-cv-00026-GEC (W.D. Va. May 4, 2020).[3] In other words, Plaintiff's records-related challenges in the Western District

---

[3] The court takes judicial notice of this "publicly filed document[] in related litigation." *Gharb v. Mitsubishi Elec. Corp.*, 148 F. Supp. 3d 44, 46 n.1 (D.D.C. 2015); *see also Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

of Virginia action are, in substance, duplicative of those he raises in the instant action. That case is ongoing.

## III. LEGAL STANDARD

### A. Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "In ruling on a motion under Rule 12(b)(1), the Court 'must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" *Jerdine v. FDIC*, 730 F. Supp. 2d 218, 222–23 (D.D.C. 2010) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). However, the court "need not accept factual inferences" unsupported by facts alleged in the complaint, nor must the court accept legal conclusions couched as factual allegations. *Speelman v. United States*, 461 F.Supp.2d 71, 73 (D.D.C. 2006). The court may consider materials outside the pleadings when ruling on a Rule 12(b)(1) motion. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005). Because federal courts are courts of limited jurisdiction, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

### B. Mandamus

Under 28 U.S.C. § 1361, district courts have jurisdiction to enter writs of mandamus "compel[ling] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus relief is a "drastic" remedy that is granted only in "extraordinary circumstances." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34–35 (1980) (per curiam). The party seeking mandamus relief must show that "(1) she has a clear and indisputable right to relief;

7

(2) the [defendant] has a clear duty to act; and (3) no other adequate remedy is available to her." *United States v. Monzel*, 641 F.3d 528, 532 (D.C. Cir. 2011); *see also Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002). "These three threshold requirements are jurisdictional; unless all are met, a court must dismiss the case for lack of jurisdiction." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016). Even when these jurisdictional requirements are met, however, "a court may grant relief only when it finds compelling equitable grounds." *Lovitky v. Trump*, 949 F.3d 753, 759 (D.C. Cir. 2020) (quoting *In re Medicare Reimbursement Litig.*, 414 F.3d 7, 10 (D.C. Cir. 2005)).

## IV.   DISCUSSION

### A.   Plaintiff's Mandamus Claim (Count I)

Plaintiff's claim for mandamus relief fails because he has not clearly established at least two of the three threshold, jurisdictional requirements for mandamus relief, nor has he demonstrated compelling equitable grounds for the relief he seeks.

#### 1.   Defendants Have No Clear Duty to Act

In order to obtain mandamus relief, a plaintiff must show that the defendant owes her a "clear and compelling" duty. *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (en banc) (citation omitted). The duty must be "so plainly prescribed as to be free from doubt and equivalent to a positive command." *Wilbur v. U.S. ex rel. Kadrie*, 281 U.S. 206, 218 (1930); *see also U.S. ex rel. McLennan v. Wilbur*, 283 U.S. 414, 420 (1931) ("The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable."). Such a duty "admits of no discretion, so that the official in question has no authority to determine whether to perform the duty." *Swan v. Clinton*, 100 F.3d 973, 977 (D.C. Cir. 1996).

8

Plaintiff contends that two of HHS's regulations impose a clear duty on Defendants to grant him "access to the [Departmental Appeals Board] E-File System and make available [Plaintiff] all records of any proceedings under sections 1128 and 1128A of the SSA." Compl. ¶ 117; *see also id.* ¶ 104; Pl.'s Mem. of P&A in Opp'n to Def.'s Mot., ECF No. 8 [hereinafter Pl.'s Opp'n], at 32–33. The first, 42 C.F.R. § 1005.15(e), provides that exclusion and civil money penalty "hearing[s] will be open to the public unless otherwise ordered by the ALJ for good cause shown." This regulation concerns public access to *hearings*, not records of those hearings. Records of such hearings are governed by a separate regulation, aptly titled "The record." *Id.* § 1005.18. Section 1005.15 does not, therefore, impose on Defendants a clear and indisputable duty to grant Plaintiff access to the records he seeks.[4]

The other regulation Plaintiff cites, 42 C.F.R. § 1005.18(c), is more topical, but no more compelling. The regulation provides that "[t]he record" of an exclusion or civil monetary penalty hearing "may be inspected and copied (upon payment of a reasonable fee) by any person, unless otherwise ordered by the ALJ for good cause shown." *Id.* Plaintiff contends that "[t]he regulation affords any person with the ability to inspect the hearing record if he or she elects to exercise the regulatory right." Pl.'s Opp'n at 33. The court agrees that the regulation appears to provide a qualified public right of access to hearing records, but it is far from clear that the regulation even applies to discovery requests and motions of the sort Plaintiff filed before the ALJ, which are governed by a separate regulation, 42 C.F.R. § 1005.7. For discovery requests, a litigant is entitled only to records that are "relevant and material to the issues before the ALJ," *id.* § 1005.7(a), and

---

[4] Defendants separately argue that Plaintiff has no standing to challenge any injury flowing from Defendants' alleged violation of 42 C.F.R. § 1005.15(e) "because Plaintiff does not allege he was prevented from attending a hearing." Def.'s Mot. at 22–23. That argument fails, however, because for standing purposes, the court must accept the merits of Plaintiff's claim that section 1005.15(e)'s right of access to hearings *includes* a right of access to hearing records. *See* Pl.'s Opp'n at 33; *Estate of Boyland v. U.S. Dep't of Agric.*, 913 F.3d 117, 123 (D.C. Cir. 2019). Defendants do not contest that Plaintiff has made multiple, unsuccessful attempts to access the records.

the ALJ has discretion to deny any discovery request seeking information that is irrelevant, is unduly costly or burdensome, will cause undue delay, or is privileged, *id.* § 1005.7(e)(2). In any event, the plain text of section 1005.18(c) by no means *requires* Defendants to provide such access through their E-File Database as Plaintiff insists. The regulation does not specify the procedure for requesting access at all, suggesting that the appropriate means of access is through a FOIA request, as the ALJ noted. *See* Compl. Exhibits, Ex. G. at 21–22 (PDF pp. 59–60). Nor does section 1005.18(c) grant the type of unfettered, "free access" to hearing records that Plaintiff demands. *See* Pl.'s Opp'n at 30. Rather, access is not guaranteed (an ALJ may prohibit access "for good cause shown"), not free (it is subject to "payment of a reasonable fee"), and not unlimited (the ALJ may order "appropriate redactions made to the record" pursuant to 42 C.F.R. § 1005.18(d)). Section 1005.18(c) does not, in short, "positive[ly] command" Defendants to grant Plaintiff the unconditional access he seeks. *See Wilbur*, 281 U.S. at 218.

In addition, Plaintiff argues that his due process right to "fair and open hearings" places a "constitutionally prescribed" duty on Defendants to grant him the requested access. Pl.'s Opp'n at 32. But Plaintiff fails to explain how the right to a fair and open hearing compels Defendants to grant Plaintiff access via the E-File Database to records that the ALJ determined were either already available on the agency's website,[5] or irrelevant and immaterial to Plaintiff's exclusion appeal. *See* Compl. Exhibits, Ex. E at 2, 7 (PDF pp. 25, 30); *id.*, Ex. G. at 21 (PDF p. 59). Nor does the caselaw Plaintiff marshals provide any him any support. The only case Plaintiff cites that even discusses access to agencies' records is irrelevant. *Graber Mfg. Co. v. Dixon* granted a plaintiff's request to seal a document in the administrative proceeding below. 223 F. Supp. 1020,

---

[5] Plaintiff objects that the final decisions in certain cases have not yet been published on the agency's website, *see* Pl.'s Opp'n at 7–8, but he has not shown how these isolated omissions—which appear to be due to a backlog in processing caused by a now-remedied technical error, *see* Defs.' Reply, Decl. of Adam R. Gazaille, ECF No. 11-1, ¶¶ 2–6—entitle him to comprehensive access to the entire E-File Database and other case records.

1022–23 (D.D.C. 1963). In short, Defendant has not met his burden of showing that the Due Process Clause clearly requires Defendants to grant him unqualified, free access to the E-File Database and all records in exclusion and civil monetary penalty appeals before the Departmental Appeals Board, including records that the ALJ determined to be irrelevant and immaterial to his appeal.[6]

### 2. *Plaintiff Has Adequate Alternative Remedies*

In addition, mandamus relief is available to a plaintiff "only if he has exhausted all other avenues of relief," *Heckler v. Ringer*, 466 U.S. 602, 616 (1984), including any available judicial and administrative remedies, *see Cartier v. Sec'y of State*, 506 F.2d 191, 199 (D.C. Cir. 1974). Plaintiff has not shown why the ordinary avenue of judicial review under section 405(g) of the SSA and FOIA's records request procedures are inadequate remedies.

When Plaintiff first filed this action, he had not appealed the ALJ's denial of his discovery motions to the Appellate Division. *See* Defs.' Reply at 9 n.4. Plaintiff argues that he had no obligation to file an administrative appeal because his claim "seeks independent redress of improper procedures . . . and not the merits of the exclusion determination itself," and because the Appellate Division "may not address constitutional injuries." Pl.'s Opp'n at 34–35. The court need not decide these issues, however, because while this case was pending, Plaintiff did in fact file an appeal of the ALJ's order, and the Appellate Division affirmed the ALJ's decision denying him access to the E-File Database and other records. *See* Defs.' Notice of Ruling in Administrative Proceeding, ECF No. 13, Ex. A, ALJ Decision, at 17–20 (PDF pp. 21–24). On May 4, 2020, Plaintiff filed a complaint in the Western District of Virginia seeking judicial review of the

---

[6] Plaintiff argues in a conclusory footnote that his "First Amendment right of access" entitles him to the requested records, *see* Pl.'s Opp'n at 27 n.11, but a "footnote is no place to make a substantive legal argument," *CTS Corp. v. EPA*, 759 F.3d 52, 64 (D.C. Cir. 2014). This argument is forfeited.

Appellate Division's decision pursuant to 42 U.S.C. § 405(g). *See* W.D. Va. Compl. ¶ 1. In that action, as here, Plaintiff claims that HHS violated its own regulations and his due process rights by failing to afford him full access to the Departmental Appeals Board's E-File Database or to records of prior public cases. *Id.* ¶¶ 52, 62–63, 76–77. Plaintiff's lawsuit in the Western District of Virginia demonstrates that the ordinary process of judicial review under 42 U.S.C. § 405(g) provides an adequate remedy for his alleged harms, thereby precluding any mandamus relief in this case. *See Heckler*, 466 U.S. at 617 (denying mandamus relief because "respondents clearly have an adequate remedy in § 405(g) for challenging all aspects of the Secretary's denial of their claims").

In addition, to the extent Plaintiff seeks records outside of the discovery context, he has not shown why the records he seeks cannot be adequately accessed through a FOIA request. *See Marciano v. Shulman*, 795 F. Supp. 2d 35, 42 (D.D.C. 2011) (holding that FOIA "constitutes an adequate remedy where plaintiffs seek the release of government records"). FOIA provides that an agency must "promptly" provide records in response to a request that (1) "reasonably describes" the records sought and (2) "is made in accordance with [the agency's] published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A); *see also* 45 C.F.R. § 5.1 *et seq.* (setting forth HHS's FOIA regulations). Plaintiff cites lengthy delays in HHS's processing of other FOIA requests, *see* Pl.'s Opp'n at 12, 38, but he has provided no evidence that he has personally submitted any FOIA requests.[7] *See Am. Civil Liberties Union v. Trump*, 266 F. Supp. 3d 133, 139 (D.D.C. 2017) (noting that a "plaintiff's decision not to pursue a particular remedy plainly does not establish" that no such remedy exists). In any event, FOIA

---

[7] Plaintiff's counsel submitted eight FOIA requests, but they do not reference Plaintiff as the requesting party or otherwise indicate they were submitted on Plaintiff's behalf. *See* Pl.'s Opp'n at 12; *id.*, Attach. 1, ECF No. 8-1 (PDF pp. 15–18, 22–51).

12

provides its own mechanism for judicial review of an agency's untimely response to a FOIA request. *See* 5 U.S.C. § 552(a)(4)(B), (a)(6)(C)(i).

Thus, Plaintiff has not carried his burden of showing that he has no adequate alternative remedies.

### 3. *Equity Does Not Warrant Relief*

Even if Plaintiff had established the jurisdictional prerequisites for mandamus, the court would "refrain from issuing [the] writ" because Plaintiff has not identified "clear and compelling . . . equitable grounds" warranting the relief he seeks. *13th Reg'l Corp. v. U.S. Dep't of Interior*, 654 F.2d 758, 760 (D.C. Cir. 1980); *see also Cartier*, 506 F.2d at 199 (noting that the "exercise of the power of mandamus is a matter committed to the sound discretion of the [trial] court"). As discussed, Plaintiff has filed a parallel lawsuit in the Western District of Virginia that effectively raises the same claims raised here. This type of "duplicative litigation" is disfavored as "it has the potential to waste judicial resources, muddy legal waters with conflicting rulings, and . . . strain the capabilities of litigants." *UnitedHealthCare Ins. Co. v. Price*, 255 F. Supp. 3d 208, 210 (D.D.C. 2017); *see also Clayton v. District of Columbia*, 36 F. Supp. 3d 91, 94 (D.D.C. 2014) (noting that to prevent such duplicative proceedings, a court "ha[s] discretion to control [its] docket[] by dismissing duplicative cases" (internal quotation marks and citation omitted)). Because Plaintiff's action in the Western District of Virginia is the more appropriate avenue for Plaintiff to raise his claims, equity counsels against entertaining those claims in this forum.

### B. Plaintiff's Additional Claims (Counts II and III).

Counts II and III of Plaintiff's Complaint seek orders declaring that Defendants' refusal to provide him access to the records he seeks contravenes the SSA and HHS's implementing regulations, and violates his First and Fifth Amendment rights. *See* Compl. ¶¶ 122, 124. This

court's jurisdiction to review those claims is barred by section 405(h) of the Social Security Act.

Judicial review of the Secretary's final decision in an exclusion proceeding is governed by section 405(g) of the SSA. *See* 42 U.S.C. § 1320a-7(f)(1) (providing that "judicial review of the Secretary's final decision after [an exclusion] hearing . . . is provided in section 405(g)"). That review, however, is subject to the limitations of section 405(h). *See id.* § 1320a-7(f)(3) (providing that "[t]he provisions of section 405(h) of this title shall apply with respect to this section").

Section 405(h), in turn, provides that "[n]o findings of fact or decision of the [Secretary] shall be reviewed by any person, tribunal, or governmental agency except as herein provided," and "[n]o action against the United States, the [Secretary], or any officer or employee thereof shall be brought under section 1331 . . . of Title 28 [the federal question jurisdictional statute] to recover on any claim arising under this subchapter." *Id.* § 405(h); *see also id.* § 1320a-7(f)(3) (clarifying that the reference in section 405(h) to the Commissioner of Social Security "shall be considered a reference to the Secretary"). The provision thus "divests the district courts of federal-question jurisdiction 'on any claim arising under' Title II of the Social Security Act," and requires that any such claim be brought under section 405(g). *Am. Hosp. Ass'n v. Azar*, 895 F.3d 822, 825 (D.C. Cir. 2018); *see also id.* (explaining that "42 U.S.C. § 405(g) provides for judicial review of [SSA] claims, thus creating the exception 'herein provided'" in section 405(h)). Section 405(h)'s "arising under" language is expansive; it encompasses "claims that contest a sanction," including claims such as Plaintiff's that "involve the application, interpretation, or constitutionality of interrelated regulations or statutory provisions." *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 14 (2000).

The court lacks jurisdiction over Plaintiff's claims because they arise under Title II of the SSA and are premised on federal question jurisdiction under 28 U.S.C. § 1331, not section 405(g)

14

of the SSA as required by section 405(h). *See* Compl. ¶ 8. Plaintiff also invokes the Declaratory Judgment Act, 28 U.S.C. § 2201, as a source of jurisdiction, *id.* ¶ 9, but "[i]t is a well-established rule that the Declaratory Judgment Act is not an independent source of federal jurisdiction," *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) (internal quotation marks and citation omitted). Plaintiff has identified no independent source of jurisdiction that would support his claims for declaratory relief. *See Schilling v. Rogers*, 363 U.S. 666, 677 (1960) ("[T]he availability of [declaratory] relief presupposes the existence of a judicially remediable right.").

Plaintiff is not without a remedy. He has raised similar if not identical constitutional, regulatory, and statutory challenges in the Western District of Virginia action, which he filed under section 405(g) of the SSA after exhausting his administrative remedies. *See* W.D. Va. Compl. ¶¶ 1, 49–83. Plaintiff may pursue his claims there.

V.  **CONCLUSION**

For the foregoing reasons, the court grants Defendants' Motion to Dismiss, ECF No. 5. A final, appealable order accompanies this Memorandum Opinion.

Dated: June 17, 2020

Amit P. Mehta
United States District Judge